Marshall, Ch. J.,
 

 delivered the opinion of the court as follows, viz : — In this case, two errors are alleged by the plaintiff in error. * 1 1st. That the circuit court misdirected the jury. *2d. That judgJ ment for double damages ought not to have been rendered on the verdict.
 

 1. The avowry, which sets forth the title under which the distress was made, states a lease for three years certain. The plea to this avowry was,
 
 “
 
 nothing in arrear,” and on this plea, issue was joined. At the trial of the
 
 *181
 
 cause, the avowant gave in evidence a lease for one year certain, and a subsequent possession for two years. On motion to instruct the jury that this lease did not support the avowry, the court said, that if the jury should be of opinion, that the subsequent possession was under the original contract, and without any new agreement, then the avowant was entitled to recover, otherwise not. The jury found a verdict for the avowant.
 

 The lease stated in the avowry is obviously a different lease from that which was given in evidence. A lease for three years, is not a lease for one year. But it is contended, that a subsequent possession, without any new express agreement, amounts to an extension of the original lease, and for this Bacon’s Abridgment, and a
 
 dictum
 
 of Judge Bullee, in the case of
 
 Birch
 
 v.
 
 Wright,
 
 1 T. R. 378, have been cited. But those cases do not prove the point they were supposed to establish. In those cases, the original terms of the lease admit of the extension which was afterwards made by consent of parties. The lease was made for one year, and afterwards from year to year, as long as both parties should please. The principle of continuance is introduced into the original contract, and the occupation for three years is evidence, that the circumstance had occurred, by force of which the contract should be a lease for three years. But in this case, the original contract contains no principle of continuance. It is for a limited time, and can only be extended by a new contract, either express or implied. The lease, therefore, offered in evidence, does not support the avowry.
 

 But a question on which the court has felt more difficulty is this : Does the plea admit the demise, or is the avowant bound to prove it ? If the plea admits the demise, then, notwithstanding the variance, the verdict is right, and *the court has not erred in that part of the opinion which r*o0Q is against the party taking the exception. The issue gives notice to
 

 [1]
 

 the parties of the point which is to be tried, and which the testimony must support. That which is admitted by the pleadings, need not be proved. If the plea in this case controverts the allegation in the avowry, that the tenant held under a lease for three years, reserving the rent stated to be reserved, then the avowant would be bound to prove the demise as laid. But if the plea admits the demise, then the avowant is not bound to prove it.
 

 The plea is, that the sum distrained for of the rent aforesaid (that is, of the rent claimed under the lease stated in the avowry), was not in arrear and unpaid, nor was any part thereof in arrear and unpaid, at the time when the distress was made, as the avowant in his avowry hath alleged. This plea avers the single proposition that the rent was not in arrear, when the distress was made, and it is this averment alone that the party making the distress is to meet. The averment that the rent claimed in the avowry was not in arrear, when the distress was made, admits the contract by which the rent might accrue, and only denies that anything, at the time of the distress, remained due upon that contract. Upon principle, then, it would seem, that the plea had dispensed with proof of the demise laid in the avowry, by admitting it.
 

 No case has been found in which the point has been expressly decided. It is said in Buller’s Nisi Prius, p. 59, “ If the plaintiff plead
 
 Hens in arrere
 
 in bar to an avowry, he cannot, upon such issue, give in evidence non-tenure consequently, the defendant cannot be required to show the tenure ; for if it was necessary to show it, the tenant would be at liberty to
 
 *182
 
 produce opposing testimony. It is also laid down in Buller, p. 166, that in covenant for non-payment of rent,
 
 riens in
 
 arrear, or payment at the day, is a good plea ; but
 
 riens in arrear,
 
 generally, *would not be a good -* plea ; and the reason appears to be, that
 
 riens in arrear
 
 generally, admits the breach laid in the declaration, and that the rent was not paid on the day. This principle is decided in
 
 Hare
 
 v.
 
 Saville,
 
 reported by Brownlow (2 Brownl.
 
 273).
 
 Nothing in arrear on the day on which the rent is stated to have accrued, seems to be considered as equivalent to payment on the day ; but nothing in arrear on a subsequent day admits that the covenant was broken, and consequently, admits the covenant. It is not a good plea, because it admits the right of the plaintiff to recover damages. This furnishes a strong argument in favor of the opinion, that nothing in arrear on the day when the distress was made, admits that the rent accrued as stated in the avowry.
 

 The case of
 
 Warner
 
 v.
 
 Theobald,
 
 Cowp. 588, was an action of debt for rent, by an assignee against an assignee. The plea of
 
 riens in arrear
 
 was demurred to, and consequently, the question to be decided by the court was, not what the plea admitted, but whether it was a bar to the action. Mr. Buller objected to this plea, because the plaintiff could not come prepared to know what it would be necessary to prove. The defendant might object to the assignment, or give in evidence payment before or after action brought. In answer to Buller, Wood said, “The form of the plea is
 
 nil debet,
 
 in the present tense ; but in this case,
 
 riens in arrere
 
 is a fairer plea than
 
 nil debet;
 
 because
 
 nil debet
 
 puts the whole declaration in issue, whereas, this confines the question to the single fact whether such rent was due.” In giving his opinion in support of the plea, Lord Mansfield certainly had not in view the question now under consideration; for he uses expressions which would apply differently to that question. He says, “ saying nothing is due, is the same as if he had said
 
 nil
 
 debet/” and immediately adds, “ besides, it is a more favorable plea for the plaintiff ;” he must then have applied the first assertion solely to the sufficiency of the plea as a bar, for it could not be a more favorable plea for the plaintiff, if it contested the whole declaration, *and admitted nothing, as is -* the case with
 
 nil debet.'1'1
 
 He concludes with observing, “ if the rent was due, and is not, at the time of the plea, it could not have ceased to be due, by the plaintiff’s accepting it.” This case appears to the court to decide nothing further than that the plea pleaded was a good bar to the declaration in debt for rent, and to leave the question, how far it admits the demise laid in the avowry, open for consideration.
 

 It is thought important in the inquiry, that the law appropriates a different plea, which controverts the demise, if the tenant means to contest it —the plea of
 
 non demisit.
 
 The court is of opinion, that the plea admits the demise ; and that there is no error in the instruction given to the jury, which is injurious to the party taking the exception.
 

 In the judgment for double damages, there is no error. The law directs it positively.
 

 Judgment affirmed, with costs.