## Tice vs. Norton.

In *replevin*, where the defendant in his avowry averred that the plaintiff as his tenant held and enjoyed certain premises for the space of *seven years* and six months under a certain demise and at a certain rent, and by the evidence it appeared that the premises were held by the plaintiff only *six years* and six months, the *variance* was adjudged to be fatal.

This was an action of replevin, tried at the New-York circuit in October, 1829; before the Hon. WILLIAM A. DUER, then one of the circuit judges.

To the common declaration in replevin for taking certain goods and chattels, the defendant put in an *avowry* setting forth that for ten years previous to the time of the taking of the goods, he was seised in his demesne as of fee of the premises in which, &c. and that for the time during which the rent afterwards mentioned was accruing, and until the said time when, &c. he was *landlord* to the plaintiff of the said premises, and that the plaintiff for a long time, to wit, for the space of *seven years and six months* ending on 1st November, 1827, and from thence until and at the said time when, &c. held and enjoyed the premises *as tenant thereof* to him the defendant, *at and under a certain demise thereof* theretofore made by the defendant to the plaintiff, at and under a certain yearly rent, to wit, the yearly rent of $550, and *because* $1700, parcel of the sum of $4125 of the rent aforesaid for the space of seven years and six months, ending and falling due on the 1st November, 1827, and from thence until the said time when &c. were due and in arrear, (the residue of the sum of $4125 having been paid and satisfied,) he the defendant well averred the taking, &c. The plaintiff *pleaded* that he did not hold or enjoy the premises as tenant thereof, to the defendant, under the supposed demise in the avowry mentioned, in *modo et forma*, &c. and the defendant took issue.

On the trial of the cause, it was proved by an agent of the defendant that in the winter of 1821, he called on the plaintiff, who was then in possession of the premises, and informed him that the defendant would require him to pay as rent for the same, after 1st May then next, the sum of $550 per annum, in quarterly instalments; that the plaintiff objected to the rent, but remained in possession and continued to occupy the premises until after November, 1827. The agent produced an account of rent charged accordingly, on which was claimed a balance of $1824,25. From May, 1817, until the fall of 1820, the plaintiff occupied the same premises, and paid a rent of $800 per annum therefor. What rent he paid or was to pay from November, 1820, until May, 1821, did not appear. The defendant proved his title to the premises, and that a distress for $1700 rent was made on the 7th December, 1827.

The defendant insisted that there was a fatal variance between the proof and the avowry as to the demise set forth in the same, and claimed a verdict in his favor; and the judge being of that opinion, he directed a verdict to be given for the plaintiff. The jury found accordingly. A motion was now made to set aside the verdict.

*R. L. Wilson*, for defendant. The avowry alleges *no specific term*, but merely states that the plaintiff held and enjoyed the premises for the term of seven years and six months, and that the defendant during that time was landlord to the plaintiff, by virtue of a certain demise, at a rent of $550 per annum. The plaintiff occupied the premises for a much longer period than seven years and six months, having been in possession several years previous to May, 1821. An avowant in replevin may avow for a larger sum than he establishes on the trial, and recover according to his proof. So he may avow for a greater period of time, and recover for a less period than he states in his avowry. (*Forty* v. *Imber*, 6 East, 434.) The defendant, therefore, at all events, was entitled to rent for the period that the plaintiff was in posesssion,

*D. Graham*, for plaintiff. A specific demise is set forth in the avowry, viz. that the defendant was landlord to the plaintiff of the demised premises, and that the plaintiff, for the space of *seven years and six months, ending on the 1st November*, 1827, held and enjoyed the premises as tenant thereof, at and under a certain demise, at a yearly rent of $550. The proof is, that under this demise the plaintiff held only *six years and six months*; the variance, therefore, is manifest and fatal. (4 Cranch, 299.)

Besides the avowry is bad. The defendant ought to have set forth that he made a lease to the plaintiff for life or years or at will, and that for the rent accruing on the same he made the distress. Such is the rule of the common law, and so are all the precedents. (2 Saund. 284, c.) In England, a *general avowry* is allowed by statute 11 Geo. 2, c. 19, § 22, which has not been adopted in this state; (1 Johns.

R. 380; '5 Cowen, 340;) the defendant therefore, should be held to the utmost strictness. When an avowry does not comply with the rules of the common law, a judgment will be arrested although a plaintiff has plead over, and a verdict be taken against him on the issue joined. (10 Johns. R. 424.) Even under the general avowry, the tenancy must be accurately described. (2 Chitty, 561, n.)

*By the Court,* SUTHERLAND J. The question upon the issue was, whether the plaintiff held and occupied the premises under the demise stated in the avowry; that is, a demise for seven years and six months, ending on the 1st day of November, 1827, at and under a yearly rent of $550. The evidence produced by the defendant himself shewed, that though the plaintiff had occupied the premises for more than seven and an half years, yet that he had held under the agreement or demise which fixed the rent at $550, only from May, 1821, to Nevember, 1827, that is, *six years and six months.* The judge ruled, that upon this evidence the plaintiff was entitled by a verdict upon the issue; which was accordingly given by the jury.

The contract or lease, as proved, was simply a notice given by an agent of the defendant, in January, 1821, to the plaintiff, *that the defendant would require him to pay for the premises, after the first of May then next, the annual rent of $550 payable quarterly,* and that subsequently the plaintiff paid rent at that rate. This was not a demise for any *definite* period. It was a lease for a year or at will, and probably ought so to have been stated. In *Alexander* v. *Harris,* (4 Cranch, 299,) it was held that an averment of a demise for *three years* would not be supported by proof of a lease for one year certain, and two years further possession on the same terms, by consent of the landlord, unless an extension of the term was contemplated and provided for in the original lease. But if the defendant had a right to consider this a lease for the whole time that the plaintiff held under it, then it was a demise for only six years and an half, and did not support the avowry.

In *Forty* v. *Imber,* (6 East, 434,) a variance between the demise, as stated in the avowry and as proved, was held im-

material, expressly upon the ground that the strictness of the proceedings in this action at common law had been relaxed by the statute of 11 George 2 ch. 19, s. 22, and that since that statute the defendant might recover rent for a less period than he avowed for. It is tacitly admitted that at common law he could not. That statute we have never adopted; our proceedings are as at common law. (2 Chit. Pl. 512, 513, notes m. and n. and cases there cited. *Cobb* v. *Bryan*, 3 Bos. & Pul. 348. *Wright* v. *Williams*, 5 Cowen, 338, were most of the authorities on this subject are reviewed and collected.)

Motion for new trial denied.