Burks, J.,
delivered the opinion of the court.
This is a writ of error to a judgment of the hustings court of the city of Richmond, awarding execution against the plaintiff in error on a forfeited forthcoming bond taken on a warrant of distress for rent.
After the plaintiff had proved notice of her motion, and had shown in evidence the forthcoming bond, the distréss warrant, the officer’s return thereon, and the affidavit on which the warrant was issued, the defendants, resisting the motion, stated, through their counsel, “ that their defence was that there was no such contract of rent as is set out in said affidavit and claim, and demanded that the plaintiff should prove the contract as alleged; but the court refused to require the plaintiff to make any further proof than that contained in the said papers, until the defendants showed by evidence such defence as is allowed by the statute; the court being of opinion that, upon this state of the case, the plaintiff was entitled to award of execution; to which opinion and decision of the court the defendants, by their counsel, excepted.”
The defendants, however, did not rest on this exception, but proceeded to give evidence to sustain the defence before stated; the plaintiff adducing no evidence in addition to that already mentioned as offered by her in opening the case.
*771 After hearing the evidence and arguments of counsel, the court gave-judgment against the defendants for the penalty of the forthcoming bond, to be discharged by the payment of five hundred dollars, (the amount of rent ascertained to be due), with interest thereon, and for the plaintiff’s costs on the motion. To' this judgment the defendants, by counsel, also excepted; and the court certified the facts proved on the hearing.
There are but two questions arising on the record.
The first is, whether, on the plaintiff’s evidence, without any proof by the defendants, she was entitled to award of execution. Or, in other words, whether, after the defendants stated the grounds of their defence and demanded proof of the contract under which the plaintiff claimed the rent specified, the plaintiff was entitled to award of execution, such proof not being furnished. Subtantially, the question is, in the state of the case as presented, upon whom was the burden of proof? Was it upon the defendants to show that there was no contract of lease, or none on which rent claimed accrued, or was it for the plaintiff to prove a contract and rent reserved under it?
Certainly, if the rent claimed was not due by contract, there was no right of distress. It was of the essence of the right to distrain, that there should have been a contract. In the absence of a contract, the distress was illegal.
When the action of replevin was in use, the landlord in his avowry set forth his title, the contract of demise and tenancy thereunder, which, of course, included a statement of the term and amount of rent to be paid, and he also alleged the amount of rent in arrear, and then avowed the taking of the goods and chattels of the tenant as for a distress for the rent so in arrear.
If the tenant wished to put the contract in issue, he did so by proper plea, which was either non demisit or non tenuit. These pleas concluded to the country, and upon *772 issue ioined thereon, the burden was on the avowant, and o * > he was held to the strictest proof of the contract as laid the avowry. If there was no rent due at the time of tpg distress, there was an appropriate plea for such a case, styled in law French, riens in arrere (nothing in arrear).
Such a plea admitted the demise and tenancy, and averred the single proposition that the rent was not in arrear when the distress was made. Alexander v. Harris, 4 Cranch, 299. On the trial of this issue, it was for the tenant to show the truth of the plea. Cooper v. Egginton, 8 C. & P. 748, (34 E. C. L. R. 618). There were other pleas not necessary to be noticed, in which the onus was on the plaintiff or defendant, as one or the other might have the affirmative of the issue.
When the action of replevin was abolished at the revisal of 1849 (Code of 1873, ch. 145, §4), the new remedy for illegal distress, resorted to in the present case, was substituted. The tenant was allowed to give a forthcoming bond,* and in any action or motion on such bond, it is provided, that “the defendant may make defence on the ground that the distress was for rent not due in whole or in part, or was otherwise illegal.” Code of 1873, ch. 185, §4.
As was said by the President of this couri, in the opinion delivered in Allen & others v. Hart, 18 Gratt. 722, the substituted remedy “ was professedly intended to be, not only a simpler and easier remedy than the old one, but at least as beneficial, especially as to the tenant and further, that the tenant “ acquires the right of making, in the action or motion of the bond, all the defences which lie could formerly have made in the action of replevin, including the defence of set off.”
The forthcoming bond does not estop him. It is provided as a means of securing the rent distrained for, with *773 out prejudice to his right of contesting the legality of the distress, when any attempt is made to enforce the security. In some measure, it stands in the place of the replevin bond under the former remedy. When executed it operates to release the property distrained and restore it to the possession of the tenant. The landlord may proceed on the bond, when forfeited, either by regular action, or in a more summary way, by motion. If he bring his action, a plea to the effect that there was no contract for the rent claimed would be admissible, and. a good plea in bar: for, if true, the distress was illegal. If issue were taken on such a plea, he would hold the affirmative, and, on familiar principles, it would devolve on him to prove the contract, as much so as on the plea of non demisit or non tenuit in an action of replevin. The case is not altered, when he proceeds by motion, in which there are no formal pleadings. It is sufficient, that the defendants deny the contract, and call upon him to prove it. This is certainly no hardship on the landlord, the power of distress being an extraordinary power, and, as has been said, “ almost the only case wherein a party is his own carver.” Pratt, C. J., in 5 Geo. 3, as quoted in 6 Rob. Prac. 542. See also what was said by Judge Lyons in Tuberville v. Self, 4 Call, 580, 588.
We are of opinion, therefore, that when the defendants stated the grounds of their defence and demanded that the plaintiff should be required to prove the contract under which the rent distrained for was claimed, the hustings court erred in not requiring such proof to entitle the plaintiff to award of execution, the onus probandi in that state of the case being on the plaintiff; and if the defendants had rested their case on the exception taken to the ruling of the court on this point and proceeded no further, the judgment must have been reversed for error. But they did proceed further, taking the laboring oar, and undertook themselves to prove and did prove a contract of lease *774 under which the plaintiff’s claim arose, and therefore the error committed by the court in the ruling complained of was not to the material prejudice of the defendants on the hearing.
This brings us to consider the second and only remaining question, whether there was any error in the judgment on the merits. From the certificate of the facts, it appears that the plaintiff’s intestate, James H. Grant, demised the premises to the defendant Carter and to Monteiro for a term' commencing on the 1st day of January, 1865, and ending on the 1st day of January, 1866. In April, 1865, Carter and Monteiro agreed to pay rent for the premises at the rate of $3,000 for the remainder of the year. In July, it was further agreed between the parties the tenants should pay at the rate of $1,000 additional, upon condition that they should have the refusal of the premises as lessees for the ensuing year (1866). Between July, 1865, and January, 1866, one thousand dollars were paid on account of rent, and some time before January, 1866, Grant rented the premises to one Smith for the year 1866, without giving to Carter and Monteiro the option, stipulated for in the agreement of July, to renew the lease for that year. Carter and Monteiro removed from the premises at or about the end of the year 1865, and Smith entered in possession or about the 1st day of January, 1866. Grant claimed $1,000 as rent for the last quarter, three months, ending on the 1st day of January, 1866, for the recovery of which, payment being refused, the distress warrant was issued. Upon these facts, the court gave judgment against the obligors in the bond for $500, just one-half of the amount for which the distress was made.
The bill of exceptions does not state the reasons which conducted the judge to the conclusion he reached as to the' amount of rent in arrear, but they seem to be clearly deducible from the certificate of facts. According to the* agreement of April, 1865, the rent for each successive *775 quarter was $750. By the agreement of July, the rent for the two remaining quarters was increased to $1,000 for each quarter, and the rent ($1,000) for the first of these-quarters was paid. The court must have considered that, as the contract of July was conditional, and the condition was not kept by Grant, he was not entitled to the benefit of that agreement, but must stand on the agreement of April, under and according to which the last quarter’s rent would be $750 only, instead of $1,000 as claimed under the agreement of July; and inasmuch as the amount ($1,000) paid for the first quarter under the latter agreement was in excess of the sum ($750) actually due under the agreement of April, that excess ($250) was deducted from the true amount ($750) due for the last quarter, and judgment given for the remainder ($500).
The main, if not the only objection urged against this judgment by the plaintiff in error is, that the amount of rent in arrear, as shown by the evidence and ascertained by the judgment, is less than the amount claimed in the distress warrant and the proceedings thereon, and that for this variance the forthcoming bond should have been quashed, and judgment rendered for the defendants.
In the action of replevin, under the strict rules of pleading applied, the contract must be proved as laid in the avowry. In Brown v. Sayce, 4 Taunton, 320, cited in argument, the avowry was on a contract for 110 pounds rent, and the demise proved was for 111 pounds. The variance, though slight, was regarded by Lord Mansfield as material; but he gave leave to amend. The variance, it will be observed, related to the contract. Greater liberality seems to be indulged where the variance is between the amount of rent avowed to be in arrear, for which the distress is made, and the amount shown to be due. In such case, the general rule appears to be that, notwithstanding the variance, the avowant shall be allowed to recover a less sum than he has claimed in the avowry as in arrear. *776 In Forty v. Imber, 6 East. 433, Lord Ellenborough, said, that there had been no case since the statute of 11 Geo. 2, 19, §22, where, if it turned out that less rent was due than the defendant had avowed for, he has not been holden to be entitled to recover for so much as was due. It is, he saicb the constant practice. And in Johnstone v. Hudlestone, 4 B. & C. 922, (10 E. C. L. R. 471, 475), it was observed by Bayley, J., that if a defendant in replevin claims more than is due to him, he may recover what is due, provided that be part and parcel of that which he claims by his avowry. The variance, however, was,deemed material in Roskruge v. Caddy, 7 Wels., Hurlstone & Gordon, 839, (Excheq. Rep.) The statute—11 Geo. 2— referred to in Forty v. Imber, supra, provided for general avowries, and was intended to relieve landlords from the difficulties which they before labored under in making avowries, and a similar statute was enacted in this state March 19, 1833. (See acts of assembly 1833-4, p. 76). This enactment was subsequent to the decision in Southall Garner, 2 Leigh, 372.
But the rules pertaining to the action of replevin cannot be applied with any strictness to the remedy which has-been substituted for it. It was, in part, to get rid of the niceties and difficulties attending that action that it was-abolished, and a simpler remedy provided. The tenant may still make any defence that shows the distress to be illegal, but the parties are not to be trammelled by the rules of pleading peculiar to the old proceeding. A warrant to distrain for rent must be “ founded upon an affidavit of a person claiming the rent, or his agent, that the amount of money or other thing to be distrained for, (to be specified in the affidavit), as he verily believes, is justly due to the claimant for rent reserved upon contract, from the person of whom it is claimed.” Code of 1873, ch. 134, § 10.
The “ amount of money or other thing to be distrained for” should be truly stated, but it is not every variance *777 that would defeat a recovery. Where the variance appears in an action or motion on the forthcoming bond, it may be aided by the statute concerning amendments. Code of 1873, ch. 173, § 7. It is true that the statute in terms applies only to trials by jury, but a motion to be decided by a court comes within its spirit. The act provides that “the court may direct the jury to find the facts, and after such finding, if it consider the variance such as could not have prejudiced the opposite party, shall give judgment according to the right of the case.” So, we think, it may give judgment where the facts are found by the court in a case to be decided by it without the intervention of a jury. In our opinion, the defendants were not prejudiced by the variance which appeared in the present case. According to the proof, there was a contract of lease for one year, the terms of which were not shown, and that contract was modified in April of that year, and again in July. The plaintiff was certainly entitled to the rent in arrear for the last quarter. It was doubtful, especially as the defendants had acted under the agreement of July by paying rent under it, whether he was entitled to the amount as fixed by the agreement of April or that of July. He distrained for the latter. The court decided that he was entitled to the former—to wit: to the sum of $750. judgment might have been given for that sum without abatement; but as he had received under the agreement of July $250 in excess of what he was entitled to receive under the agreement of April, which the court considered the true contract, the defendants were credited by that sum, although they filed no claim of set off or asked for any deduction for such excess. We think the judgment was properly rendered for the amount of rent in arrear shown to be the just amount by the defendants themselves.
Something was said in the argument about the fees and commissions of the officer included in the forthcoming bond. The commissions were calculated as $1,000, whereas *778 ^1G ren^ adjudged to be due was only $500. Whatever cause of complaint there might have been, if the judgment embraced the commissions charged, the defendants were not injured by including these commissions in the bond, as the judgment rendered included neither the fees nor commissions. It was given only for the $500 and interest and the costs of the motion. Of this omission, the plaintiff might complain, at least to the extent of commissions on $500, but she does not. It certainly was not to the prejudice of the defendants.
We are of opinion that the judgment of the hustings court should be affirmed.
Judgment appirmed.

 Note by the Judge.—See act approved March 12,1878, (Acts of Assembly, 3877-78, ch. 226, p. 211) dispensing with forthcoming bond on certain conditions, and allowing defence to be made without giving bond.