### STEVENS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. LANDLORD AND TENANT—TENANT HOLDING OVER—LIABILITY.
  Where a landlord consents to his tenant holding over for a year after the expiration of the term of the lease, the tenant is liable only for the annual rent stipulated for in the lease.
  [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 794.]

2. SAME.
  Where a landlord sues a tenant for the use and occupation of the premises during the period he holds over, with the consent of the landlord, Real Property Law, Laws 1896, p. 590, c. 547, § 200, fixing the liability of a tenant willfully holding over at the rate of double the yearly value of the premises, does not apply.
  [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 861-865.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Annie Stevens against the city of New York. From judgment for plaintiff, defendant appeals. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

James D. Bell (Jerome W. Coombs, on the brief), for appellant.
Brussel & Beebe, for respondent.

MILLER, J. On the 1st day of January, 1898, the defendant entered into possession of certain premises as lessee of the plaintiff, under a written lease for the term of two years at the stipulated annual rental of $100, and continued in possession under yearly renewals until January 1, 1904. In December, 1903, the plaintiff gave the defendant written notice to vacate on January 1, 1904. Nothing further appears to have been done, the defendant continued in possession, and

this action is brought for use and occupation for the year 1904; the plaintiff alleging in the complaint that "the defendant, by and with the consent of the plaintiff, used and occupied said premises"; and the plaintiff has a judgment for $250 based upon proof of the rental value of the premises, although the defendant, while conceding its liability to the extent of $100, insisted upon the trial, as it now insists, that said sum stipulated in the lease was the measure of the recovery; and this appeal presents the single question whether the landlord who consents to the tenant holding over after the expiration of his term can recover more than the sum stipulated in the lease.

Under the circumstances disclosed the plaintiff had the option to treat the defendant as a trespasser or as a tenant for another year upon the terms of the prior lease. Schuyler v. Smith, 51 N. Y. 309, 10 Am. Rep. 609. This proposition is so firmly established that it is useless to multiply authorities. The plaintiff did not treat the defendant as a trespasser, but consented to the holding over. The lease therefore must determine this controversy.

The respondent is not aided by resort to section 200 of the real property law (chapter 547, p. 590, Laws 1896). Without considering all of the reasons why this statute has no application to the present controversy, it is sufficient to say that the complaint is framed for use and occupation without reference to the statute, and that there is no proof that the holding over was willful, within the meaning of the statute, while the complaint expressly alleges that it was with the consent of the plaintiff.

The judgment of the Municipal Court must be modified by deducting therefrom the sum of $150, and, as thus modified, affirmed, without costs. All concur.