JAMES KENNEDY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Landlord and tenant — tenancy from year to year — each year constitutes a new term — claim for unpaid rent for each year, separate cause of action.

In this jurisdiction it is the rule, settled by long acquiescence, that where several sums or installments are due upon a single contract, they must all be united in one action; and if several suits are brought upon such an indivisible contract for separate installments after all are due, a recovery upon one will be a bar to the others; this rule, however, applies only to such claims as are single, entire and indivisible.

A tenancy from year to year, created by the tenant's holding over after the expiration of his original term, is a new term for each year of such holding over, upon the terms of the original lease so far as they are

applicable to the new relation. Hence, a claim for unpaid rent for each year of such a holding over creates a separate and distinct cause of action. Such separate causes of action may be joined in one suit, or each may be made the subject of an independent action.

*Kennedy* v. *City of New York*, 127 App. Div. 89, reversed.

(Argued June 17, 1909; decided October 5, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1908, which reversed a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial and directed a dismissal of the complaint.

The plaintiff is the owner of certain premises situated in that part of the city of New York formerly known as Long Island City. These premises had been leased to the latter city by one of the plaintiff's predecessors in title for a term of five years from January 1st, 1891. The lease was in writing and the rent reserved was $5,000 a year, payable monthly in advance. At the expiration of the term in January, 1896, the original lessee and its successor in interest, the city of New York, held over and continued in possession of the premises until some time in the year 1899, when the premises were abandoned.

On account of the defendant's holding over into the month of January, 1899, the plaintiff elected to treat it as a tenant for that year, and commenced two actions against it to recover the rent for that period. These two actions were commenced in 1905, and they were consolidated by order of the court. The present appeal is from the judgment rendered in the consolidated action.

Prior to the commencement of the two actions thus consolidated, and in 1904, the plaintiff had instituted another action against the defendant to recover the rent of the same premises for certain months of the year 1898. That first action, it will be observed, was instituted long after the rent for both the years 1898 and 1899 had accrued. In that first action the defendant made an offer of judgment, which offer

was accepted and upon which a judgment was entered in February, 1905.

After the entry of judgment upon that offer the defendant interposed answers in the actions which had been commenced to recover the rent for the year 1899, setting up the judgment for the rent of 1898 as a bar to any recovery in the actions for the rent of 1899, and alleging that as the rent for both the years 1898 and 1899 was due at the time the judgment for the rent of 1898 was entered, the plaintiff was bound to unite in one action all its claims then due. The trial court overruled this defense and directed the jury to bring in a verdict for the plaintiff. Upon appeal the Appellate Division sustained the defense of the former recovery as a bar, reversed the judgment and dismissed the complaint. From that judgment the plaintiff now appeals to this court.

*Hector M. Hitchings* and *F. H. Van Vechten* for appellant. The decision of the Appellate Division that plaintiff estopped himself from bringing or maintaining this action by his settlement of another action for prior rent of the same premises is erroneous. (*Schuyler* v. *Smith*, 51 N. Y. 309; *Adams* v. *City of Cohoes*, 127 N. Y. 182; *Herter* v. *Muller*, 159 N. Y. 45; *Haynes* v. *Aldrich*, 133 N. Y. 287; *Woods* v. *Pangborn*, 75 N. Y. 495; *Miller* v. *U. S. & S. Co.*, 13 N. Y. Supp. 711; *Nathans* v. *Hope*, 77 N. Y. 420; *Secor* v. *Sturgis*, 16 N. Y. 548; *Millard* v. *M., K. & T. R. R. Co.*, 20 Hun, 191; 86 N. Y. 441; *Phillips* v. *Berick*, 16 Johns. 136; *Perry* v. *Dickerson*, 85 N. Y. 345; *Zimmermann* v. *Erhard*, 83 N. Y. 74; *Byrnes* v. *Byrnes*, 102 N. Y. 4.)

*Francis K. Pendleton, Corporation Counsel* (*Clarence L. Barber* and *Theodore Connoly* of counsel), for respondent. The holding over by the tenant in 1898 and 1899 did not constitute separate contracts. They were simply extensions or enlargements of the lease executed December 31, 1891. Therefore, judgment for the rent of 1898 and payment thereof operated as a bar to the subsequent action for the rent of

1899. (*Perry* v. *Dickerson*, 85 N. Y. 347; *Baylies* v. *Ingram*, 84 App. Div. 362 ; *Secor* v. *Sturgis*, 16 N. Y. 557; *Lorillard* v. *Clyde*, 122 N. Y. 45; *Seed* v. *Johnston*, 63 App. Div. 340; *Pakas* v. *Hollingshead*, 184 N. Y. 218.)

WERNER, J. The question to be decided is whether the defendant's liability for the rent of the years 1898 and 1899 arose out of a single contract or out of two distinct contracts, and that depends upon the underlying question whether a holding over from year to year, after the expiration of a definite term, is merely an extension or enlargement of the original term, or whether such a holding over constitutes a new term for each year that it continues.

In this jurisdiction it is the rule, settled by long acquiescence, that where several sums or installments are due upon a single contract, they must all be united in one action; and if several suits are brought upon such an indivisible contract, for separate installments after all are due, a recovery upon one will be a bar as to the others. The reason for the rule lies in the necessity for preventing vexations and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice. (*Perry* v. *Dickerson*, 85 N. Y. 345, 347; *Lorillard* v. *Clyde*, 122 id. 41; *Pakas* v. *Hollingshead*, 184 N. Y. 211.) It is to be emphasized, however, that the rule applies only to such claims as are single, entire and indivisible. (*Secor* v. *Sturgis*, 16 N. Y. 548, 554.)

The Appellate Division has held that the balance of rent due for the year 1898, and the whole of the rent due for the year 1899, were parts of a single or indivisible demand ; that although separate actions might have been maintained for each of the monthly installments as they became due, no such procedure was permissible after they all became due; that the same rule applies to the rent for the years 1898 and 1899 where no action was brought to recover either amount until after all was due; and that the judgment for the rent of 1898 was, therefore, a bar to the action to recover the rent of

1899. The correctness of this reasoning cannot be successfully challenged if the defendant's occupation of the premises during 1898 and 1899 was nothing more than an extension or prolongation of the original term; and it is palpably unsound if the holding over during these years constituted two separate and distinct terms. We must decide, therefore, which of these conditions existed.

A tenant who holds over after the expiration of a definite term for a year or years may be treated by his landlord as a trespasser, or as a tenant from year to year. If the landord elects to treat the tenant as holding over for another year, the conditions of the original lease apply, except as to duration. (*Haynes* v. *Aldrich*, 133 N. Y. 287; *Adams* v. *City of Cohoes*, 127 id. 175.) Under such a holding over a tenant is bound for another year, not by virtue of an express contract but by implication of law springing from the circumstances. (*Herter* v. *Mullen*, 159 N. Y. 28, 43.) The only logical deduction from the choice thus given to the landlord of treating a holdover tenant either as a trespasser or as a tenant for another year is that each holding over, where acquiesced in by the landlord, constitutes a new term, separate and distinct from those which preceded it, and related to each other only in the conditions of the original lease which the law reads into the new tenancy. Some of the text writers and a few of the earlier decisions seem to have confused the subject by referring to tenancies from year to year, arising by operation of law, as continuations of the original terms, when it would have been more correct to characterize them as new tenancies subject to the original conditions. The later decisions in this court have, however, defined this species of tenancy with a precision that admits of no misunderstanding. In the case of *United M. Realty & Impr. Co.* v. *Roth* (193 N. Y. 570, 576) it was held, upon the opinion of Chief Judge CULLEN, that "the right of the landlord to treat the holdover as a tenant for a *new* term does not spring from the contract of the parties but is the penalty imposed by law upon the trespassing tenant." The same

view was expressed in Judge VANN's dissenting opinion in the following language: "Owing to the previous relations between the parties the law implies a renewal of the obligations dependent on those relations, which measure every detail of the *new* contract." (P. 579.)

In the earlier case of *Laughran* v. *Smith* (75 N. Y. 205, 210) it was stated to be the settled rule that where a tenant enters under a lease for a year and holds over after the expiration of the term, "The law from the continuance of the possession, implies a contract on the part of the tenant to renew the tenancy *for another year*, on the terms of the original holding;" and to the same effect is *Schuyler* v. *Smith* (51 N. Y. 309).

The learned Appellate Division apparently based its decision upon three early cases. Two of these, *Sherwood* v. *Phillips* (13 Wend. 479) and *Webber* v. *Shearman* (3 Hill, 547), were cases of distress for rent when that remedy was yet in force. But they have no application to the question at bar, because they simply hold that for the purpose of distraining for rent, the period of possession after the expiration of the term may be considered as an enlargement of the original demise. The third case cited in support of the decision of the Appellate Division (*People ex rel. Chrome Steel Co.* v. *Paulding*, 22 Hun, 91), was a proceeding to dispossess a tenant and appears to have been decided upon the authority of the two earlier cases referred to. It is evident, however, that in *People ex rel. Chrome Steel Co.* v. *Paulding* (*supra*) the late General Term gave too broad an application to the cases in Wendell and Hill, which were criticised and limited in *Austin* v. *Strong* (47 N. Y. 679) affirming the judgment below upon an opinion written by the elder Judge PECKHAM, on file, but not reported in full. In that case the tenant held over for several years after the expiration of the original lease. As a defense to an action for rent he claimed an eviction from part of the premises during one of the years of the original demise. The court held that an eviction in one year constituted no defense to an action for rent where there had been a renewal of the

lease from year to year by reason of the holding over of the tenant. When the case came before the late General Term (Opinion not reported. See Court of Appeals Cases, vol. 310) the court made the following observations : " The counsel for the defendants insist that where the tenant holds over for more than one year, the whole period of holding over shall be regarded as one term and cites as authority *Sherwood* v. *Phillips* (*supra*). For certain purposes that is the rule, for by counting backward it is viewed as one term and the mutual obligations of the parties not being changed during the entire time ; for the purposes of pleading and distraining for rent, the landlord can regard it as one term. *But it is in fact a new term at the beginning of each year,* for at the end of each year either party without the assent of the other can terminate the relation existing between them."

Upon principle and authority we conclude that a tenancy from year to year, created by the tenant's holding over after the expiration of his original term, is a new term for each year of such holding over, upon the terms of the original lease so far as they are applicable to the new relation. It follows that a claim for unpaid rent of each year of such a holding over creates a separate and distinct cause of action. That such separate cause of action may be joined in one suit cannot be doubted, but it is equally clear that each may be made the subject of an independent action. The plaintiff might have grouped his several causes of action in a single suit, but he was not obliged to do so, and in bringing separate suits he was strictly within his rights.

The order of the Appellate Division should be reversed, and judgment of the Trial Term affirmed, with costs to the appellant in all courts.

EDWARD T. BARTLETT, J. (dissenting). The judgment of the Trial Term was rendered in an action resulting from the consolidation of two actions. One was commenced February 8th, 1905, and the other December 5th, 1905. The first of these actions was brought to recover the rent accrued during

the first four months of the year 1899 ; the second was brought
to recover the rents accruing during the remaining eight
months of the year 1899.

On December 31st, 1891, the plaintiff's predecessor in title
leased to Long Island City, which later became a part of the
city of New York, certain premises therein, and the lessee
covenanted to pay the rent monthly at the end of each month.
The rental was fixed at five thousand dollars per annum.   As
no specified term was mentioned in the lease as pleaded, it
may be considered as a lease from year to year.   The lessee
held over during the years 1893 to 1898, both inclusive, and
there is evidence that it held over for some part of the month
of January, 1899, by reason of which the plaintiff claims that
the defendant, as successor of the lessee, is liable for the rent
during the entire year of 1899.   The trial court directed
a verdict for the plaintiff for the rent of the entire year of
1899.

On October 29th, 1904, the plaintiff commenced an action
in which the amended complaint demanded rent for the
months of August to December, 1898, both inclusive; the
defendant offered judgment for an amount of money equal to
four months' rent; the offer was accepted, and on February
21st, 1905, judgment was entered pursuant thereto, which
was afterwards paid.

The two actions which resulted in the consolidated action
above referred to were commenced, one on February 8th,
1905, for the recovery of rent for the months of January to
April, 1899, inclusive, and the other commenced December
5th, 1905, to recover rent for the months of May to December,
1899, inclusive.

The defendant's defense to the consolidated action is that,
at the time the action was commenced in October, 1904, to
recover rent from August to December, 1898, the rent sued
for in the consolidated action was then due and should have
been included therein.

A single and very simple question is presented by this
appeal.   The original lease of 1891 fixes the annual rental at

five thousand dollars a year, payable monthly, and so far as is disclosed by the pleadings and the evidence no term was mentioned therein. It can, therefore, be treated as creating a tenancy from year to year.

It is undisputed that the original written lease is the only contract made between the parties, and their relations are to be determined by the legal effect of the lessee holding over during the years 1893 to 1899, both inclusive. The defendant lessee does not dispute the holding over during these years, but insists that the recovery of rent in a former action for the months of August to December, 1898, inclusive, and which judgment was paid, is a bar to the action which, as consolidated, seeks to recover the rent for the year 1899. The contention of the defendant is that the rent for the year 1899 being due and unpaid at the time the action to recover the rent for August to December, 1898, both inclusive, was instituted, the plaintiff should have included the 1899 rent therein.

This position of the defendant rests upon the familiar rule that a plaintiff is not permitted to split his cause of action, and if he does so, a recovery on a portion thereof will bar subsequent action for the balance. (*Yates* v. *Fussett*, 5 Denio, 21; *Secor* v. *Sturgis*, 16 N. Y. 548, 554; *O'Beirne* v. *Lloyd*, 43 N. Y. 248; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Seed* v. *Johnston*, 63 App. Div. 340; *Reformed Protestant Dutch Church of Westfield* v. *Brown*, 54 Barb. 191, 199.)

In the case last cited the rule is well expressed: "In order to avoid multiplicity of actions, the law forbids that a cause of action shall be split up for the purpose of bringing several actions. But when several actions payable at different times arise out of the same contract or transaction, separate actions can be brought as each liability enures. Still, however, if no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought when more than one is due, a recovery in the one first brought will be an effectual bar to a second action, brought to recover the other claims that were due when the first was

brought." The law relating to the effect of splitting a cause of action is so familiar and well settled that further citation of authority is unnecessary.

We are thus brought to the single and important question whether the lessor has offended against this principle of law and can succeed in the consolidated action brought to recover the rent alleged to be due for the year 1899. As already pointed out, the original lease of 1891 created a tenancy from year to year.

In *Webber* v. *Shearman* (3 Hill, 547) it was held that holding over after the expiration of a lease for a year is a continuation of the former tenancy subject to the the same right of distress, and this whether the first demise be by deed or by parol. Judge COWEN, in the course of his opinion, stated (p. 550): "Holding over after the expiration of a sealed lease is a continuation of the same tenancy, and an enlargement of the same term."

In *Sherwood* v. *Phillips* (13 Wend. 479) it was held that, "Where a tenant enters under a demise for two years, and continues in the possession of the demised premises for the period of nine years, the landlord may, by one distress, distrain for the rent accrued during the whole time; and if the property be taken from his possession by writ of replevin, he may, in one avowry, acknowledge the taking for the whole nine years, as upon one entire lease."

This is certainly contrary to the contention that each year of a holding over must be considered as a new lease subject to the conditions of the old one.

In *Haynes* v. *Aldrich* (133 N. Y. 287) Judge FINCH states p. 289): "This court held in *Commissioners of Pilots* v. *Clark* (33 N. Y. 251), that the rule is too well settled to be disputed that where the tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease; that the option to so regard it is with the landlord and not with the tenant, and that the latter holds over his term at his peril."

In *Baylies* v. *Ingram* (84 App. Div. 360, 362, 363) the

rule is clearly stated as follows : " The relation of the parties under such circumstances has been the subject of repeated adjudication.   In the leading case of *Schuyler* v. *Smith* (51 N. Y. 309) Judge EARL, in writing for the Commission of Appeals, said, in respect of a tenant's holding over : ' The owner of the premises may treat him as a trespasser or as a tenant for another year upon the terms of the prior lease so far as applicable.'   The court subsequently reviews many cases and approves of their doctrine, in which the rule is laid down, without qualification, that where a tenant holds over after the expiration of his term, without any express agreement, but with the assent of the landlord, the law will imply that he holds the premises upon the same terms as was his previous holding, and such view has been generally adopted" (citing cases).   " The limitation implied by the language, ' so far as applicable,' manifestly can have no application in the absence of proof showing a changed condition of affairs which would naturally or of a necessity operate to modify the relations existing between the parties.   In the absence of any proof upon the subject there can be no reason for holding that the relations of the parties have changed, as nothing has occurred to break the continuity of the holding, or from which it can be implied that any conditions exist rendering inoperative any of the terms of the lease.   Nor do we think that the rule is limited to the relation merely of landlord and tenant in the use and occupation and the payment of rent, so as to exclude the independent covenants from continuing with the other parts of the lease.   A holding over, to be upon the same terms as contained in the original lease, carries with it the necessary implication that all of the covenants which became binding by the execution of the lease continue to remain in full force unless changed conditions appear rendering them inapplicable.   We can conceive of no sound reason which would warrant the rejection of any part of the lease upon which the parties agreed.   Their relation continued in all respects precisely as if the term had not expired.   The holding over constitutes merely an enlargement of the term,

and the lease is applied thereto with the same force as though it had been re-executed."

The case of *United Merchants' Realty & Imp. Company* v. *Roth* (193 N. Y. 570) is cited as an authority for the plaintiff, appellant. This was an action brought to recover rent for a part of certain premises in the city of New York for five months included in the year 1906. The complaint contained ten counts, two for each month, one alleging a right to recover because the defendant held over after the expiration of his term, and the other an express contract. This case was decided by a divided court, two judges dissenting. CULLEN, Ch. J., writing for the majority, said : "I concur in the opinion of my brother VANN as to the last five counts in the complaint, but I think that the first five are also good. The question presented by the demurrer to these counts is whether a new lessee, whose lease begins at the termination of a prior lease, can, at his option treat the prior lessee, in case he holds over, as his tenant under the terms of the original lease." (p. 575). This was the sole question litigated. The position of the dissenting judges is thus expressed : "If the relation of landlord and tenant existed between the plaintiff and defendant under the lease which expired on the first of May, 1906, the former had the right to treat the latter as a tenant for another year upon the same terms, for the law implies an agreement to that effect under those circumstances.  *  *  * A tenant holding over from his landlord without leave is liable for rent at the election of the latter upon the theory of a renewal of the lease by implication." (pp. 577, 579). The dissenting judges further held that the relation of landlord and tenant did not exist between the parties during the continuance of the original lease because no part of the term was assigned to the plaintiff by the owner of the reversion. The majority of the court held, however, that a new lessee, whose lease begins at the termination of a prior lease can, at his option, treat the prior lessee, in case he holds over, as his tenant under the terms of the original lease.

The question now before us was not presented in the case

we are considering, and it was, on the contrary, clearly assumed that the tenant holding over was bound by the terms of the original lease.

The citation of authority as to the effect of a tenant holding over might be continued, but it seems unnecessary. When we consider this question on principle the position of the defaulting tenant is clear. On the termination of the lease it is his duty to vacate the premises at once, and failing in that he must abide by the election vested by law in the landlord. The latter may evict the tenant or compel him to hold over for another year subject to the terms and conditions of the former lease. No option is vested in the tenant and the action of the landlord is by way of penalty; the element of mutuality does not enter into the situation. The landlord says to the tenant, in effect, I will not evict, but for another year I will subject you to all the terms and conditions of the lease that has expired. The construction which permits the tenant to insist that his occupation of the premises after his default entitles him to all the privileges of a new lease is to ignore the existing relations between him and his landlord.

I am of opinion that the consolidated action seeks to recover rent due under the original lease and its renewals from year to year, and that the former action to recover the rent for a portion of the year 1898, which proceeded to judgment and was paid, is a bar to this recovery.

The judgment of the Appellate Division should, therefore, be affirmed, with costs to the respondent in all the courts.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur with WERNER, J.; EDWARD T. BARTLETT, J., reads dissenting opinion; GRAY, J., absent.

Order reversed, etc.