STEVENS v. SCHWEIZER.

(Supreme Court, Appellate Term, First Department. April 26, 1916.)

1. LANDLORD AND TENANT ☞169(6)—ACTION BY TENANT—PERSONAL INJURIES —EVIDENCE.

Evidence that water dripped from the ceiling and discolored it, that the ceiling fell and injured plaintiff, and that defendant landlord admitted the leak was from the general supply pipe, *held* to authorize a jury in finding negligent failure to repair, causing injury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665, 683; Dec. Dig. ☞169(6).]

2. LANDLORD AND TENANT ☞169(11)—CONTRIBUTORY NEGLIGENCE—FAILURE TO REPAIR.

It is not contributory negligence as a matter of law for a tenant to fail to make repairs made necessary by landlord's negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 646, 667, 684; Dec. Dig. ☞169(11).]

3. LANDLORD AND TENANT ☞169(11)—CONTRIBUTORY NEGLIGENCE—REMAINING IN POSSESSION.

Where landlord's negligence has made the premises unsafe, it is not contributory negligence as a matter of law for a tenant to remain in possession.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 646, 667, 684; Dec. Dig. ☞169(11).]

4. LANDLORD AND TENANT ☞169(6)—CONTRIBUTORY NEGLIGENCE—REMAINING IN POSSESSION.

That a tenant's husband was ill and dying, and she was poor, at the time premises became unsafe through landlord's negligence, *held* to warrant a jury in finding that she was free from contributory negligence in neglecting to move from the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665, 683; Dec. Dig. ☞169(6).]

5. LANDLORD AND TENANT ☞150(1)—TRESPASS BY LANDLORD.

A tenant, continuing in possession from month to month, is under no obligation to repair a ceiling injured by the landlord's negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536, 538, 544, 546, 548, 556; Dec. Dig. ☞150(1).]

Appeal from City Court of New York, Trial Term.

Action by Elizabeth E. Stevens against S. Emilie Schweizer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Otto D. Parker, of New York City (Henry Siegrist, of New York City, of counsel), for appellant.

John J. Foley, of New York City (James A. Hughes, of New York City, of counsel), for respondent.

GUY, J. The action is by a tenant of a flat in a tenement house to recover damages for personal injuries sustained through the fall of a portion of the ceiling in her kitchen, alleged to have resulted from the negligence of defendant. Plaintiff testified that on Thursday night, March 12 or 13, 1914, she was awakened by the dripping of water;

that she got up out of bed and found water dripping from the middle of the kitchen ceiling to the floor; that she put a pan on the floor to catch the water, and had to get up two or three hours later to empty the pan after it had filled; that on the following morning she went up to the tenant of the floor above, the top floor of the building, and asked if there was anything overflowing, and looked over the kitchen and found nothing wet, no pipes leaking apparently; that she then notified the janitor to inform the landlord of the leak; that the water continued to leak to the floor of the plaintiff's kitchen, and although defendant or her husband was notified the leaking did not stop until some time the following Monday, when a plumber came to the premises and did some work on the floor above.

It further appears from the plaintiff's testimony that on the day her husband died, April 4th, more than two weeks after the leaking had stopped, defendant called and was shown the ceiling, which was very badly discolored and chalky, and cracked where the water had dripped through; that defendant then said, "Well, Mrs. Stevens, try and get through; don't ask me to spend any more money than I can possibly help;" that on the morning of April 17th plaster fell from the kitchen ceiling on the plaintiff, causing the injuries complained of; and that on the same day defendant called, and, after saying she was sorry, and that plaintiff deserved compensation, told plaintiff, "If any one comes here to make an investigation, I wish you would not say anything about the condition of the ceiling—being caused by the leaking of the ceiling —being caused by the leak in the general supply pipe to any one."

[1] Although the evidence was unsatisfactory as to the specific cause for the leaking, it was sufficient to view of the defendant's admission that the leak in her tenement house was from the general supply pipe (Tenement House Law [Consol. Laws, c. 61] § 103) to show prima facie a defective condition of a common appurtenance in the possession and control of the landlord; and the jury were authorized to find the existence of such condition, that defendant after notice, neglected to repair the water pipe within a reasonable time, and that as a result of such negligence the plaster fell from the ceiling.

[2-4] As the jury found that the unsafe condition of the ceiling was caused by defendant's negligence, it cannot be held that the failure of the plaintiff herself to make the repairs was as matter of law contributory negligence. Neither did the fact that she remained in possession constitute contributory negligence as matter of law. The jury were justified in finding that plaintiff as matter of fact was free from contributory negligence, in view of the evidence, so far as remaining in the premises after March 31st was concerned, that her husband was seriously ill during March, that he died early in April, and that apparently her circumstances prevented her from promptly removing from the premises. Frank v. Simon, 109 App. Div. 38, 95 N. Y. Supp. 666.

[5] It is urged that by continuing in possession after March 31st, and thus impliedly renewing her tenancy from month to month (Kennedy v. City of New York, 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. [N. S.] 847), plaintiff must be held to have assumed the obligation of repairing the ceiling. While this would ordinarily be the rule as to

a general condition of disrepair, under the facts in this case we do not think it applicable to a condition which the jury were warranted in finding was due to the negligence of the landlord—a condition which would seem to have been the result of a trespass on the part of the defendant. Mairs v. Manhattan R. E. Ass'n, 89 N. Y. 498; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Duerr v. Consolidated Gas Co., 86 App. Div. 14, 83 N. Y. Supp. 714; Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095.

The exceptions to the charge do not present reversible error. In the main charge the trial judge correctly charged the jury, in substance, that to authorize a verdict in favor of the plaintiff they must be satisfied that the accident occurred by reason of the failure of the landlord to properly care for the plumbing over which she had control, and that the plaintiff herself was free from contributory negligence. The subsequent charge of the court, in response to the request of defendant's counsel, in which the court referred to evidence of the alleged failure of the defendant to fix the common appurtenances, or to fix them so that injury would not result, must be read in connection with the main charge, and, so considered, does not constitute prejudicial error.

Judgment and order affirmed, with costs. All concur.