EDWARD HINES LUMBER CO. v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Seventh Circuit. May 15, 1919. Rehearing Denied September 24, 1919.)

No. 2664.

WHARVES ☞9—HOLDING OVER AFTER TERM NOT RENEWAL OR EXTENSION OF LEASE.

The holding over by a lessee of docks after the expiration of the written lease and the continued payment of rent, thus creating a tenancy from year to year, is not a renewal or extension of the lease, which contained no provision therefor; hence provision of lease that tenant would pay cost of rebuilding docks on extension or renewal of lease had no application.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by the Edward Hines Lumber Company against the American Car & Foundry Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Certiorari denied 250 U. S. ——, 40 Sup. Ct. 179, 64 L. Ed. ——.

Charles T. Farson, of Chicago, Ill., for plaintiff in error.
William D. McKenzie, of Chicago, Ill., for defendant in error.

Before BAKER and EVANS, Circuit Judges, and ENGLISH, District Judge.

ENGLISH, District Judge. Plaintiff in error undertakes to collect from defendant in error cost of rebuilding certain docks. Suit is based upon a lease, which provided, first, plaintiff in error should become legally obligated to rebuild docks; and, second, the lease might be renewed or extended.

The declaration filed by plaintiff in error contained a full statement of the lease. The language of the clauses of the lease in question, necessary for the consideration of this case, are as follows:

"It is further understood and agreed that the party of the first part [plaintiff in error] is not to make any repairs to said docks during the continuance of this lease, and that if the party of the second part desires said docks improved or repaired that such repairs or improvements shall be made at its own expense.

\* \* \* ` \* \* \* \* \* \* \*

"If the first party shall become legally obligated to rebuild the docks than by action other than through the request of the second party, the first party shall bear the cost, but if thereafter this lease should be renewed or extended to second party for any further period, then second party will at the time of such renewal, repay to first party the entire cost of rebuilding said docks, together with interest thereon," etc. ·

The declaration further alleges that at the expiration of the lease no other or further lease or express agreement of any kind was entered into by and between the parties, but that defendant in error remained in possession of the premises and thereby a tenancy from year to year was created whereby the written indenture of lease was renewed or extended to the defendant in error for a further period.

A demurrer was interposed to the declaration, which raised two questions, the first of which relates to the construction to be given to an ordinance of the city of Chicago, which we need not consider. The second question is: Did the holding over by the defendant in error operate to "renew or extend the lease"? The lower court answered this question in the negative and entered an order sustaining the demurrer and dismissing the suit, which action of the court is brought here for review.

Liability of the defendant in error depends upon a renewal or extension of the lease. The lease covered a period of five years, terminating on the 30th day of April, 1912. At the expiration of said period no further lease or express agreement of any kind whatever was entered into between the parties. There was no provision in the lease for its renewal or extension, but defendant in error remained in possession, paying rent for the time it held over, and thereby, it is claimed, created a tenancy from year to year, and such tenancy from year to year is the basis for the contention by plaintiff in error that said lease was renewed or extended.

The defendant in error, as tenant of plaintiff in error, held over after the expiration of the term of the lease, and plaintiff in error acquiesced in such holding over, by accepting rent therefor. Such holding over constituted a tenancy from year to year. This tenancy from year to year was neither a renewal nor extension of the old lease, but was a new lease for each year for such holding over, similar in its provisions and covenants, except as to the term of years, to that of the old lease, so far as they were applicable to the new relation. This new relation springs out of a duty implied by law, rather than out of the contract. The renewal of the old lease implied the execution of a lease for the same term; and the extension of the old lease implied the continuation of same upon same conditions and covenants and for the same term. A tenancy from year to year, therefore, could not be either a renewal or extension of the old lease. Weber v. Powers, 213 Ill. 370, 72 N. E. 1070, 68 L. R. A. 610; 1 Wood on Landlord and Tenant, § 13; Kennedy v. City of New York, 196 N.

Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847; Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703, 70 Am. St. Rep. 517; U. M. Realty & Impr. Co. v. Roth, 193 N. Y. 570–576, 86 N. E. 544; Tiffany on Landlord and Tenant, pp. 1472–1519; A. & E. Encyc. Law, vol. 18, p. 197; Hately v. Myers, 96 Ill. App. 217, 226.

Liability was conditioned, not upon the continued possession of the premises, but upon the renewal or extension of the written lease. A tenancy from year to year is neither a renewal nor extension of the prior lease.

The judgment is affirmed.