L. VICTOR WEIL and Another, Plaintiffs, *v.* JACOB J. LESSER, Defendant.

(City Court of the City of New York, April, 1921.)

Landlord and tenant — use and occupation — meaning of " rents " in section 4, chapter 944, Laws of 1920.

> Where a tenant in possession of premises in the city of New York under a lease which expired on September 30, 1920, remained in possession of the premises without any new agreement having been made, the landlord under chapter 944 of the Laws of 1920 may maintain an action against the tenant to recover the rental value of the use and occupation of the premises.
>
> The word " rent " in section 4 of chapter 944 of the Laws of 1920, means a reasonable return from the property.

MOTION for judgment on the pleadings.

Nathan D. Stern, for plaintiffs.

Engelhard, Pollak & Stern (George H. Engelhard, of counsel), for defendant.

MEYER, J. This is a motion for judgment on the pleadings. The plaintiffs sue to recover rental value for the use and occupation of the premises occupied by the defendant during the months of October and November, 1920. It appears from the answer that the defendant, prior to September 30, 1920, was a tenant of the premises in question under a lease which expired on that date. Subsequent to that date the defendant remained in possession of the premises during the months of October and November, without any new agreement having been made. Defendant also pleads, as a first defense, that the agreement is unjust, unreasonable and oppressive, and, as a

second defense, that the landlords, on December 10, 1920, elected to accept him as their tenant for one year from October 1, 1920, upon the same terms, except as to duration, as he had occupied the premises during the year ending September 30, 1920. It was conceded on the argument that no notice to quit or vacate the premises had been served by the landlords on the tenant. The defendant claims that this is an action to recover the rental value for the use and occupation of the premises, and that such an action will not lie against a holdover tenant, contending that the only remedy of the landlords is either to accept him as a tenant for another year or to regard him as a trespasser. There is no doubt that prior to the passage of chapter 944 of the Laws of 1920 this was the rule in this state; if a tenant held over after the expiration of his term prior to the passage of chapter 944 of the Laws of 1920 the landlord had the right to elect either to treat him as a tenant for another year upon the same conditions as existed under the original lease, except as to duration (*Kennedy* v. *City of New York,* 196 N. Y. 19; *Souhami* v. *Brownstone,* 189 App. Div. 1) or to treat him as a trespasser and sue him in tort. *Kennedy* v. *City of New York, supra; Adams* v. *City of Cohoes,* 127 N. Y. 175; *Stevens* v. *City of New York,* 111 App. Div. 362; *Haynes* v. *Aldrich,* 133 N. Y. 287. Upon the passage of chapter 944 of the Laws of 1920, however, the situation changed and a new cause of action was created by statute. Subdivision 4 of chapter 944 says: " Nothing herein contained shall prevent the plaintiff from pleading and proving in such action a fair and reasonable rent for the premises and recovering judgment therefor, or from *instituting a separate action for the recovery thereof.*" The word " rent " as used in this section is not intended in its

strict legal sense where the relation of landlord and
tenant exists, but, in my opinion, was intended and
used in the broader colloquial sense understood by
laymen, that is, a reasonable return from real prop-
erty.   Tested in this sense it will be observed the
statute gives an absolute right to bring a separate
action for the rental value of the premises for use
and occupation by reason of having taken away the
right which was formerly vested in the landlord to
recover possession of his premises.   It is, of course,
within the province of the legislature to create any
new cause of action or any new remedy to take the
place of the one which has been taken away, and the
intention of the legislature to create such a new
cause of action is borne out throughout the entire
chapter, wherein the " rental value for the use and
occupation of premises " is frequently referred to.
Another reason for the conclusion that this new cause
of action was created is that it clearly appears to have
been the legislative intent to give to the landlord an
effective hold upon his premises in order to enforce
payment on the part of the tenant.   If the landlord's
sole remedy were only such as existed prior to the
passage of the September Housing Laws, and because
of his unwillingness to accept the tenant for another
year he would be compelled to sue him as a tres-
passer, he would be powerless to invoke the aid of
chapter 944 to recover possession of the premises
should the tenant fail to make payment, and while
the court would be enabled to determine what is the
fair and reasonable value of the premises and grant
judgment, the judgment would be only in the form
of a money judgment, and the landlord would lose the
benefit of the protection intended to be given to him
by this legislation to have the fund deposited in court,
nor could the court remove the tenant by reason of

Municipal Court of New York, April, 1921.    [Vol. 115.

his non-payment of the judgment in five days as therein provided. It is hardly to be supposed that when such an extraordinary remedy is given to tenants that equal protection should not be given to landlords to receive the reasonable rental value of premises during the period in which the legislature has made it impossible for them to oust tenants from possession. For these reasons the motion for judgment on the pleadings must be denied, with ten dollars costs.

Motion denied, with ten dollars costs.