ROSIE MOSKOWITZ, Appellant, *v.* MICHAEL N. HERSCHAFT, Respondent.

Supreme Court, Appellate Term, Second Department, January 26, 1925.

Summary proceedings to dispossess — proceeding to compel removal of tenant holding over after expiration of renewed term for year — tenant not tenant from year to year — landlord not required to give notice of intention to terminate tenancy — contents of notice to quit immaterial — final order in favor of tenant reversed.

A final order in favor of the tenant, in summary proceedings to compel the removal of said tenant holding over after the expiration of a renewed term for a year, should be reversed, since the landlord had the right to treat the tenant as a trespasser without giving any notice of intention to terminate the tenancy. The contents of the notice to quit was immaterial, since the tenant was not a tenant from year to year.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Third District.

*Edward J. Garvar*, for the appellant.

*Herman S. Bachrach*, for the respondent.

PER CURIAM:

Final order unanimously reversed on the law and new trial ordered, with ten dollars costs to the appellant to abide the event.

According to the petition and statements of counsel the tenant

was holding over after the expiration of a renewed term for a year. The landlord had the right to treat the tenant either as a trespasser or as a tenant for a renewed term for a year of that part of the premises which were used for business purposes.   The beginning of dispossess proceedings in August indicated an intention to treat the tenant as a trespasser.   It was not necessary to give any notice of intention to terminate the tenancy.   The tenant was not a tenant from year to year.   (*Kennedy* v. *City of N. Y.*, 196 N. Y. 19.)   In *Pugsley* v. *Aikin* (11 N. Y. 494) the lease was for a year and an indefinite period thereafter.   If it be read as an authority that a " hold over " after a term is a tenant from year to year, it is overruled by *Kennedy* v. *City of N. Y.* (*supra*).   The contents of the notice to quit were, therefore, immaterial.   It was conceded by tenant's counsel on the argument, and the facts show, that the petition adequately described the premises from which it was sought to dispossess the tenant.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.