E. C. NICKLE et al., Appellees, v. MANN & CLUTE et al., Defendants; BROWN-CAMP HARDWARE COMPANY, Appellant.

No. 40598.

OCTOBER 14, 1930.

REHEARING DENIED JANUARY 21, 1931.

*W. C. Van Houten,* for appellant.

*F. D. Wisdom,* for appellee.

MORLING, C. J.—I. The attached property consists of a stock of hardware kept on the demised premises, which were originally leased by written contract to defendants' predecessor. The written lease expired in 1921. Defendants were then in occupation. No renewal or later express contract of lease was made, but defendants continued to occupy the premises for mercantile purposes, paying the same monthly rental as under the written lease, until July 15, 1928, since which date no rent has been paid. On July 8, 1921, defendants executed to Brown-Camp Hardware Company a chattel mortgage on their stock of merchandise kept on the demised premises, and "also all additions hereafter at any time in any way made to said stock of hardware." This mortgage was to secure a promissory note of $1,400, on which no payments, except partial payments of interest, have been made. On December 7, 1923, defendants executed to Brown-Camp Hardware Company another chattel mortgage upon the same stock "and all other goods and additions hereinafter at any time in any way made to said stock of hardware." This mortgage was given to secure a note of $500, upon which no payments appear to have been made. Both chattel mortgages were filed for record in 1921 and 1923, respectively, and recorded. It is stipulated that the mortgages were executed "to secure the payment of the purchase price of part of said hardware stock." On June 12, 1929, plaintiffs sued out a landlord's writ of attachment, which was on that day levied upon the stock. On June 18, 1929, stipulation was entered into between the plaintiffs and defendants, signed also by the Brown-Camp Hardware Company, by which a receiver was to be appointed, the stock sold, and the proceeds to be substituted for the goods, in the determination of the relative rights of the plaintiffs and the Brown-Camp Hardware Company, and the stock was sold accordingly. Plaintiffs obtained judgment August 27, 1929, against defendants for $355 rent and interest. The judgment declared "a lien upon the funds now in the hands of the receiver, and as between the parties hereto, a first lien." Plaintiffs contend that Brown-Camp Hardware Company was a party to and bound by this judgment. Brown-Camp Hard-

ware Company, however, though it had signed the stipulation, was not a party to the suit or to the judgment. The case was thereafter prosecuted on the theory that the question of priority of liens was still to be determined. The judgment, therefore, did not determine plaintiffs' right to priority over Brown-Camp Hardware Company.

On the submission of the question of priority, the court, on December 20, 1929, gave priority to the plaintiffs, and directed the receiver to pay to the clerk and satisfy in full the plaintiffs'  judgment out of funds in his hands. Plaintiffs' judgment was paid, accordingly, on January 2, 1930. After taking their appeal, the Brown-Camp Hardware Company moved the court for an order authorizing the receiver to take his fees and expenses and pay costs out of the fund, and pay the remainder of the fund to the Brown-Camp Hardware Company. On this application, the court ordered the receiver, after payment of the amount of his compensation and expenses, including rent and costs, to pay the balance in his hands to the Brown-Camp Hardware Company, all of which was done. The amount paid the Brown-Camp Hardware Company is much less than the amount still owed upon its chattel mortgages. Later, the receiver filed his final report. No notice to the Brown-Camp Hardware Company, however, is shown. The court approved the final report of the receiver, and he was discharged. Plaintiffs move to dismiss the appeal on the ground that appellant has acquiesced in the judgment appealed from, and only moot questions are now involved. Appellants would, in any event, have been entitled to the amount which they received. There was no good reason why they should not have had the use of that amount from the time it was awarded to them, and pending appeal. The money which had been paid to plaintiffs had been paid to them before the appeal was taken. The execution of supersedeas bond could not have prevented such payment. Besides, if the money had not been paid over, and bond had been given, and payment thereby stayed, and if the judgment were affirmed, appellants would have subjected themselves to possible liability for damages upon the amount so stayed. Code, 1927, Section 12873. Though the fund in the custody of the court has been distributed, and the receiver dis-

charged, appellees do not argue that, on reversal, they may not be compelled to refund. Restitution on reversal which is final is the rule. Whether, by reason of the distribution of the fund in the custody of the court and the discharge of the receiver, or for other reasons, restitution in the present case may not be had, is a matter not now before us. As the case is here presented, the motion to dismiss must be overruled.

II. The evidence does not present the question of priority of chattel mortgage for purchase price over lien for rent.

Defendants' continued occupancy of the demised premises after the expiration of the written lease was as tenants at will. That tenancy might have been terminated at any time, on 30 days' notice. Code, 1927, Section 10159. The  lien of the first chattel mortgage, which was executed prior to the end of the term of the written lease, was subject to plaintiffs' lien for the rent, past and future, of which plaintiffs were, under the lease, entitled to require payment. All such rent, however, has been paid, and the lien therefor discharged. Thereby the first mortgage attained priority of the lien of the landlord for future rent. The rent which accrued after the expiration of the written lease was only that which would be owed by virtue of the tenancy at will. The duty of the defendants to pay such rent, and the right of the plaintiffs to require payment, at no time after the expiration of the written lease extended more than 30 days into the future. Plaintiffs' lien for rent to accrue in the future under the tenancy at will at any one time extended no further into the future than the term for which the tenant might at such time be required to pay rent. On the expiration of the 30-day period at which the tenancy at will might have been terminated immediately succeeding the execution of the second chattel mortgage, and on the payment of the rent for that period, the second chattel mortgage (as well as the first) attained priority. *German State Bank v. Herron*, 111 Iowa 25; *Thorpe Bros. & Co. v. Fowler*, 57 Iowa 541.—*Reversed.*

STEVENS, DE GRAFF, ALBERT, and WAGNER, JJ., concur.