JACOB BERNBACH, Plaintiff, *v.* I. ZUCKER Co., INC., Defendant.

City Court of New York, Bronx County, June 27, 1933.

*Arthur B. Kelly*, for the plaintiff.

*Harry Wasser*, for the defendant.

DONNELLY, J. This is an action on a written contract to recover a bonus in the sum of $1,500.

The contract was entered into on the 10th day of September, 1931, and was for the period of one year commencing the 1st day of November, 1931, and ending October 31, 1932. Those parts of the contract which are pertinent to the questions raised herein are as follows:

" *Two*. The employers hereby agree to pay the employee for such services, the sum of $200 (Two Hundred Dollars) per week from November 1, 1931 to October 31, 1932."

" *Three*. At the termination of this agreement, the employers agree to pay to the employee, a bonus of $1500 (Fifteen Hundred Dollars) and, in addition thereto, the employers also agree to pay to the employee one per cent. of the net shipments over $750,000 (Seven Hundred and Fifty Thousand Dollars) which may be made during the period of this agreement."

Defendant interposed an answer, wherein it pleaded as a second, separate, distinct, affirmative defense, a prior action pending in this court for the alleged breach of the same contract sued upon herein. This action was for the recovery of plaintiff's unpaid salary. In that action the court found that the contract had been modified by the terms of an oral agreement, and, to the extent to which the modified agreement had been executed, found for the plaintiff for the amount of one day's work actually performed by him.

Plaintiff's contention that the contract in suit is inseparable and indivisible is untenable. It is true that the terms of the arrangement between the parties are to be found in the contents of a single written instrument. But that is not the test of its indivisibility. The written instrument contains two separate and distinct agreements. The first engages to pay plaintiff a weekly salary for his services. The second agrees to give him a bonus at the end of the term of his employment. There is, really, a third promise, *i. e.*, to pay plaintiff a stated percentage of whatever may be found to be the net shipments over $750,000 made during the period of plaintiff's employment.

The plaintiff could have included in a single complaint his

claim for unpaid salary and his claim for the bonus. Each of these constitutes a separate and distinct cause of action, arising, it is true, out of the same transaction, but none the less separate and distinct. But it is not a test of the right of a plaintiff to maintain separate actions that all the claims might have been prosecuted in a single action. He may prosecute them separately, subject to the power of the court, in furtherance of justice and to prevent undue vexation and costs, to order the actions to be consolidated. (*Perry* v. *Dickerson*, 85 N. Y. 345.) At bar, the right to sue for the unpaid salary was perfect and complete before the right to begin action for the recovery of the bonus accrued. The right to the bonus did not become fixed until the end of the term of plaintiff's employment.

In *Kennedy* v. *City of New York* (196 N. Y. 19, 22) the court said: " In this jurisdiction it is the rule, settled by long acquiescence, that where several sums or installments are due upon a single contract, they must all be united in one action; and if several suits are brought upon such an indivisible contract, for separate installments after all are due, a recovery upon one will be a bar as to the others. * * * It is to be emphasized, however, that the rule applies only to such claims as are single, entire and indivisible."

Verdict directed for plaintiff in the sum of $1,500, with interest thereon from the 31st day of October, 1932. Exception to defendant. Ten days' stay and thirty days to make and serve a case.