## PEOPLE'S TRUST CO. v. OATES.

### In re ALLAMONG.

#### No. 3538.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1934.

John O. Henson, of Martinsburg, W. Va., for appellant.

L. I. Rice, of Martinsburg, W. Va. (Emmert & Rice and H. H. Emmert, all of Martinsburg, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in the United States District Court for the Northern District of West Virginia in the matter of C. M. Allamong, bankrupt. The bankrupt was a tenant occupying a certain storeroom and restaurant in Martinsburg, W. Va., belonging to Dr. T. K. Oates, under two leases, one dated the 31st day of March, 1926, for a term of three years, beginning on the 1st day of April, 1926, leasing a storeroom, and the other dated the 28th day of December, 1928, between the same parties, leasing another part of the same building, adjoining the storeroom, for a term of three years from April 1, 1928. Upon the expiration of each of said leases the said bankrupt held over, under the terms of the original leases, without any written renewal of said leases, and was occupying the leased premises at the time of his bankruptcy.

On June 1, 1931, the said Oates reduced the rent of the premises from $150, as stipulated in the original leases, to $115 per month.

On March 17, 1928, C. M. Allamong et ux. executed a deed of trust to E. L. Luttrell, trustee, to secure the Shenandoah Valley Bank & Trust Company of Martinsburg in the amount of $3,800, which indebtedness is now owned by the People's Trust Company as successors to the Shenandoah Valley Bank & Trust Company. In the deed of trust there is a provision as follows: "The following described personal property owned by the said C. M. Allamong and located in that certain building, #308 on the north side of W. King Street in Martinsburg, Berkley County, West Virginia, as follows"; it then describes certain items of personal property located therein. The deed of trust was recorded, and on March 11, 1933, Allamong was adjudicated a bankrupt.

The said C. M. Allamong on the 1st day of March, 1933, owed the said T. K. Oates for rent for said rooms the sum of $1,875.43, and the sum of $1,380 became due within one year preceding said date, which amount is arrived at on the monthly rental for twelve months at $115 per month. All of the rent for the term of the original leases had been paid.

Upon the bankruptcy of said Allamong, the question arose as to whether the landlord's claim for rent was prior to the lien under the deed of trust as to the personal property covered by said deed. This question was submitted to the referee in bankruptcy upon an agreed statement of facts, and the referee filed an opinion holding that the landlord's lien for rent was prior to the lien under the deed of trust, and entered an order to that effect, which order was confirmed by the judge of the District Court. From this action this appeal was brought.

Section 13 and section 18, Art. 6, c. 37, of the Code of West Virginia 1931, gives the landlord a lien for one year's rent under certain conditions. These sections read as follows:

"§ 13. The distress may be levied on any goods of the lessee, or his assignee or under tenant, found on the premises, or which may have been removed therefrom not more than thirty days. If the goods of such lessee, assignee or under tenant, when carried on the premises, are subject to a lien which is valid against his creditors, his interest only in such goods shall be liable to such distress. If any lien be created thereon while they are upon the leased premises, they shall be liable to distress, but for not more than one year's rent, whether it shall have accrued before or after the creation of the lien. No goods shall be liable to distress other than such as are declared to be so liable in this section.

"§ 18. If, after the commencement of any tenancy, a lien be obtained or created by trust deed, mortgage, or otherwise, upon the interest or property in goods on premises leased or rented, of any person liable for the rent, the party having such lien may remove such goods from the premises on the following terms, and not otherwise, that is to say: On the terms of paying to the person entitled to the rent, so much as is in arrear, and securing to him so much as is to become due; what is so paid or secured not being more altogether than a year's rent in any case. If the goods be taken under legal process, the officer executing it shall, out of the proceeds of the goods, make such payment of what is in arrear; and, as to what is to become due, he shall sell a sufficient portion of the goods on a credit till then, taking from the purchaser bond, with good security, payable to

the person so entitled, and delivering such bond to him. If the goods be not taken under legal process, such payment and security shall be made and given before their removal. Neither this nor any other section of this article shall affect any lien for taxes or levies."

It is admitted that the bankrupt, holding over as he did after the expiration of the leases, became a tenant from year to year upon the conditions of the original leases. Section 5, art. 6, c. 37, 1931 Code of West Virginia.

"Where the tenant holds over after the expiration of his lease, and the lessor receives rent accruing subsequently to the expiration of the term, or does any act, from which it may be inferred, that he intends to recognize him still as such tenant, he becomes thereby a tenant from year to year upon the conditions of the original lease." Allen v. Bartlett, 20 W. Va. 46.

We can find no decision of the Supreme Court of Appeals of West Virginia deciding whether such a holding over constitutes a new tenancy as against one claiming under such a lien as is held by the appellant here. This question has, however, been passed upon by the Supreme Court of Appeals of Virginia interpreting an identical statute. In the City of Richmond v. Duesberry, 27 Grat. (Va.) 210, the court held that the holding over was a new lease, and the lien, created during the term of the original lease, having been placed upon the property before the new term began to run, was valid, as against the landlord's lien for rent. In that case the court said:

"It follows, therefore, that the lease of Cobb of which Mosely was the assignee terminated on the 1st day of January 1872. On that day a new term commenced. The rent for the whole year 1871 had been paid. The deed of trust to Call was executed and recorded on the 10th March 1871. At the commencement of the new tenancy, to wit, on the 1st January 1872, not a dollar of rent was due, nor was any due in arrear until the latter part of 1872. The lien on the furniture was therefore created before the commencement of the tenancy. That furniture was on the leased premises, subject to a lien created before the tenancy for the year 1872 commenced, and not after—and in contemplation of the statute, construing both sections together, must be held subject to the same conditions as if when carried on the leased premises it was subject to a lien valid against the creditors of Mosely.

"The liability for the rent in this case came long after the lien was created; and the tenancy during which the lien was created had expired and every dollar due under that lease had been paid. A new tenancy had commenced with an existing lien upon the furniture created and recorded long before it began."

"The tenancy created by it was therefore not the same tenancy in existence when the deed of trust to Baldwin was executed, the result of which is that the lien created by the deed of trust is prior in time to the commencement of the tenancy under which rent is claimed by the appellant in the present case. In other words, to use the language of the opinion in City of Richmond v. Duesberry, supra, the property conveyed by the deed of trust 'must be held subject to the same conditions as if, when carried on the leased premises, it was subject to a lien valid against the creditors of' the Petersburg Cotton-Mills." Upper Appomattox Co. v. Hamilton, 83 Va. 319, 2 S. E. 195, 197.

A study of the decisions shows that the great weight of authority supports the holding of the Virginia Court that the holding over is a new tenancy.

"The defendant in error, as tenant of plaintiff in error, held over after the expiration of the term of the lease, and plaintiff in error acquiesced in such holding over, by accepting rent therefor. Such holding over constituted a tenancy from year to year. This tenancy from year to year was neither a renewal nor extension of the old lease, but was a new lease for each year for such holding over, similar in its provisions and covenants, except as to the term of years, to that of the old lease, so far as they were applicable to the new relation. This new relation springs out of a duty implied by law, rather than out of the contract. The renewal of the old lease implied the execution of a lease for the same term; and the extension of the old lease implied the continuation of same upon same conditions and covenants and for the same term. A tenancy from year to year, therefore, could not be either a renewal or extension of the old lease. Weber v. Powers, 213 Ill. 370, 72 N. E. 1070, 68 L. R. A. 610; 1 Wood on Landlord and Tenant, § 13; Kennedy v. City of New York, 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847; Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703, 70 Am. St. Rep. 517; U. M. Realty & Impr. Co. v. Roth, 193 N. Y. 570–576, 86 N. E. 544; Tiffany on Landlord and Tenant, pp. 1472–1519; A. & E. Encyc.

356

Law, vol. 18, p. 197; Hately v. Myers, 96 Ill. App. 217, 226." Edward Hines Lumber Co. v. American Car & Foundry Co. (C. C. A.) 262 F. 757, 758.

"Each holding over at the expiration of the term and of yearly periods thereafter, by a tenant under a lease for a definite term of years, constitutes a new term, separate and distinct from those that preceded it." Kennedy v. City of New York, 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847.

The same rule prevails in Ohio (see Gladwell v. Holcomb, 60 Ohio St. 427, 54 N. E. 473, 71 Am. St. Rep. 724), and in the case of Railroad Co. v. West, 57 Ohio St. 161, 49 N. E. 344, it is held that the holding over is equivalent to a new entry. In Kentucky, in the case of Lyons v. Deppen, 90 Ky. 305, 14 S. W. 279, 280, a similar holding was made, and the court, in a well-reasoned opinion, held: "The landlord has a lien upon property of the tenant, described in section 13, in virtue alone of an express or implied contract of lease; and when the period of such lease ends the lien that is an incident of it necessarily terminates, except that, by express provision, it can be enforced as to property to which it had already attached within 120 days after the rent becomes due, which might be at the same time the lease expires. But such lien does not prevail against any other valid lien created before the beginning of the term of lease, or before the property is carried upon the leased premises. It thus results that a valid mortgage lien created during one term of a lease must, under the statute, be regarded as superior to the landlord's lien existing during a second term of lease to the same tenant, that had not begun, nor was contracted for, when the mortgage was executed. Otherwise, a mortgage valid in all respects, and enforceable between the parties to it, might be rendered inoperative at the mere will of a third party, who had, before expiration of the first term of lease, indicated no intention to lease for a second term, nor by contract bound either himself or the tenant for a second term. For protection of the landlord, intervening mortgages are not permitted by the statute to prevail against his lien existing under contract of lease already made; but for protection of other creditors, the statute, according to fair import of the language used, as well as reason, makes a mortgage lien created before execution of a contract of lease superior to the landlord's lien existing under such contract." See, also, Meacham v. O'Keefe (Tex. Civ. App.) 198 S. W. 1000; Nickle v. Mann & Clute, 211 Iowa, 906, 232 N. W. 722; 36 Corpus Juris, 509; 35 Corpus Juris, 1102, notes 85, 86; Alexander v. Harris, 4 Cranch, 299, 302, 2 L. Ed. 627; Rice v. Atkinson-Deacon-Elliott Co., 215 Mich. 371, 183 N. W. 762, 19 A. L. R. 1399; 16 R. C. L. 615, 1167, 1168.

We are of the opinion that the holding over by Allamong, the bankrupt, in this case created a new tenancy, and that the lien of the appellant, having attached to the property mentioned in the deed of trust before the beginning of the term of the new tenancy, was superior to the landlord's lien for rent.

The order of the judge below was erroneous, and is accordingly reversed.