George Starke, J.
The landlord’s claim that two months (Feb. and March) were not paid (at $300 per month) gave rise to this nonpayment proceeding. The tenant contends that it is a controlled tenant, that the rent sought is not the proper *135 rent under the Emergency Rent Laws; and if it be deemed a decontrolled tenant, it tendered to the landlord, prior to the institution of these proceedings, the rent previously paid ($258.33) but acceptance thereof was refused. A counterclaim for overcharges in rent was withdrawn without prejudice.
The indisputable testimony is that this tenant has occupied space in the subject building since 1940. On three or four occasions, at the landlord’s request the tenant was relocated to various offices on divers floors. The last such relocation to the quarters presently occupied by the tenant occurred in 1952, at the landlord’s instance and request, to enable the landlord to substantially increase the rent from a cotenant on the same floor, and for the landlord’s accommodation. A five-year lease was then signed containing language to the effect that the premises were then vacant. This pronouncement, the landlord claims, is an amulet which decontrolled the tenant. With this contention this court disagrees. (See Business Rent Law, §§ 8, 12 [L. 1945, ch. 314, as amd.].)
Under the Emergency Rent Laws a controlled tenant may not waive its benefits. And a landlord cannot emasculate the purport of the act by shifting controlled tenants from space to space for the advantage and gain of the landlord, and then by imposing onerous conditions evict the tenant as a decontrolled tenant. The Emergency Rent Laws may not be evaded that conveniently. Where a landlord moves a controlled tenant from space to space, for the accommodation of the landlord, the tenant does not lose his controlled status. (Cf. Fischel v. Steel Management Co., 286 App. Div. 780; Olympic Assets v. Hatch & Co., 1 Misc 2d 653.)
Since the landlord did not establish that the rent sought is the proper rent under the Emergency Rent Laws and since the landlord professed ignorance of the June, 1944 rent, its petition must be dismissed.
Were the tenant a decontrolled tenant, the same result would follow. Upon expiration of the 1952 lease (Sept. 30, 1957), the landlord was required to elect whether to treat the tenant as a trespasser or as a tenant from year to year (Kennedy v. City of New York, 196 N. Y. 19). Having permitted the tenant to remain in possession, and having accepted for four months the rent stipulated in the expired lease, and there being no valid proof of any other understanding between the parties, it must be presumed that the lease renewed itself by operation of law for another year at the same terms. (Watterman v. Falk, 11 Misc 2d 1074.)
On the merits, final order for the tenant,