Maurice Wahl, J.
The landlord has instituted this holdover proceeding against the tenant to obtain possession of the premises. It is conceded that the premises are not subject to the emergency housing rent control laws, and are, therefore, decontrolled. The parties hereto had entered into a written lease dated October 23, 1950 for a term commencing November 1, 1950 and expiring on October 30, 1953. Thereafter, on November 10, 1953, the parties entered into another written lease for a period commencing December 1, 1953 and expiring May 31,1955. There is no renewal provision in the lease. Paragraph “ 21 ” of said lease provides: “ Upon the expiration or other termination of the term of this lease, Tenant shall quit and surrender to Landlord the demised premises ”.
*367 Upon the expiration of the lease on May 31, 1955, the tenant remained in possession of the premises. Recently, the landlord caused to be served upon the tenant a 30-day notice purporting to terminate the tenancy as of December 31, 1958. The landlord maintains that the tenant became a month-to-month tenant upon the expiration of the lease and that there can be no renewal of a renewal unless the lease expressly provides for such condition and that no implication can be drawn in the absence of such a provision; and the contention of the tenant is that he became a holdover tenant from year to year by renewal of the terms for one year commencing June 1, 1955 and every year thereafter, upon the expiration of the lease, and is entitled to possession of the premises until May 31, 1959.
Upon the expiration of the original term, the landlord was required to elect to treat the tenant as a trespasser, a month-to-month tenant or as a holdover tenant for one year. Since nothing was done or said by the landlord on the expiration of the lease, it is the opinion of this court that the tenant became a holdover tenant from year to year, and that since several months have elapsed since May 31, 1958, the tenant is a holdover tenant for an additional year until May 31, 1959. In short, when an expired lease covers a term of over one year, the duration of the holding over will be for units of one year, if the conduct of the landlord indicates an election to treat the tenant as a holdover. (Kennedy v. City of New York, 196 N. Y. 19; Watterman v. Falk, 11 Misc 2d 1074; Syndicate Bldg. Corp. v. Hide Trading Corp., 12 Misc 2d 134.)
This proceeding is therefore premature and must be dismissed.
Final order for the tenant.